UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| FABIOLA DERISME, | : |  |
|---|---|---|
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | NO. 3:10cv23 (MRK) |
|  | : |  |
| HUNT LEIBERT JACOBSON, PC; | : |  |
| JOHN DOES 1-100, | : |  |
|  | : |  |
| Defendants. | : |  |

## RULING AND ORDER

This is the first of two civil actions that the *pro se* Plaintiff has filed in this Court against Defendant Hunt Leibert Jacobson, PC ("Hunt Leibert"), a Connecticut-based law firm. *See Derisme v. Hunt Leibert Jacobson, PC*, No. 3:10cv244 (MRK) (D. Conn. filed Feb. 19, 2010).[1] Before Plaintiff filed this action, she changed her name to Fabiola Is Ra El Bey upon joining the Moorish Science Temple, a heterodox Islamic sect founded in 1913 by prophet Noble Drew Ali. *See United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003). Out of respect for Plaintiff's religious beliefs, the Court refers to her as Fabiola Is Ra El Bey throughout this Ruling and Order.[2]

---

[1] Fabiola Is Ra El Bey is also the defendant in two related mortgage foreclosure actions that this Court recently ordered remanded back to the Connecticut Superior Court, where they were originally filed. *See Bank of Am. Nat'l Ass'n v. Derisme*, No. 3:10cv900 (MRK), 2010 WL 3211066 (D. Conn. Aug. 13, 2010); *Bank of Am. Nat'l Ass'n v. Derisme*, No. 3:10cv785 (MRK) (D. Conn. Aug. 11, 2010).

[2] Some of Fabiola Is Ra El Bey's legal arguments relate to her status as a member of the Moorish Science Temple. Readers seeking more information about the legal views espoused by the Moorish Science Temple may refer to this Court's recent decision in *McLaughlin v. CitiMortgage*, --- F. Supp. 2d ----, ----, 2010 WL 2377108 (D. Conn. June 11, 2010).

In this Ruling and Order, the Court considers and resolves three currently-pending motions: (1) Hunt Leibert's Second Motion to Dismiss [doc. # 37] pursuant to Rules 12(b)(1) and 12(b)(6) of the *Federal Rules of Civil Procedure*; (2) Fabiola Is Ra El Bey's Second Motion to Amend [doc. # 42] pursuant to Rule 15(a)(2); and (3) Fabiola Is Ra El Bey's Motion for Recusal [doc. # 54] pursuant to 28 U.S.C. § 455(b)(1).[3] For the reasons set forth below, Hunt Leibert's Second Motion to Dismiss [doc. # 37] is GRANTED IN PART and DENIED IN PART; Fabiola Is Ra El Bey's Second Motion to Amend [doc. # 42] is GRANTED; and Fabiola Is Ra El Bey's Motion for Recusal [doc. # 54] is DENIED. Because the Court has subject matter jurisdiction over this action, the Court's Order [doc. # 44] staying discovery in this case is VACATED and Fabiola Is Ra El Bey's Motion for Relief from Protective Order [doc. # 49] is therefore DENIED as moot.

**I.**

The following facts are taken from Fabiola Is Ra El Bey's First Amended Complaint [doc. # 21] and Second Amended Complaint [doc. # 42-1]. The facts are quite straightforward and undisputed for present purposes. On July 24, 2006, Plaintiff Fabiola Is Ra El Bey entered a mortgage agreement with SunTrust Mortgage, Inc. ("SunTrust"). In April 2009, she came to believe that SunTrust had engaged in fraud and that the mortgage agreement was no longer valid. She then composed a number of documents purporting to cancel the mortgage agreement and sent the documents to SunTrust. On August 6, 2009, Defendant Hunt Leibert sent Fabiola Is Ra El Bey a

---

[3] For the sake of clarity, the Court uses simplified names for the some of the filings in this case instead of adopting the titles provided by the parties. For example, the Court refers to Fabiola Is Ra El Bey's "Verified Amended Complaint for Violation of the United States Constitution Amendment IV and V; Federal Question Under Various Statutes; And Under the Supreme Law of the Land the Fair Debt Collection Practices Act and Declaratory Relief" [doc. # 21] as the First Amended Complaint.

summons and a copy of the complaint in a foreclosure proceeding against her in the Connecticut Superior Court. Hunt Leibert purported to act as legal counsel to Bank of America National Association, which claimed to have acquired an interest in the mortgage note sometime before August 2009. Hunt Leibert did not identify itself as a debt collector, and sent no further communications to Fabiola Is Ra El Bey until early January 2010.

On January 7, 2010, Fabiola Is Ra El Bey filed a Motion for Leave to Proceed *In Forma Pauperis* [doc. # 1] and a Complaint [doc. # 2] against Hunt Leibert in this Court. In the Complaint, Fabiola Is Ra El Bey asserted that this Court had subject matter jurisdiction under the federal question jurisdiction statute, *see* 28 U.S.C. § 1331, as well as under the diversity jurisdiction statute. *See id.* § 1332. She asserted that the basis for diversity jurisdiction was that "Fabiola Is Ra El Bey is an aboriginal/indigenous Moorish American domiciled without the United States"; that Hunt Leibert "is a citizen of the State of Connecticut"; and that the amount in controversy exceeded $75,000. She alleged, *inter alia*, that Hunt Leibert was a debt collector and was liable for communicating with her without giving her sufficient notice of her right to dispute the debt as required by the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692g(a)-(b). Although the Complaint was not a model of clarity, it clearly asserted an FDCPA claim. *See* Compl. [doc. # 2] at 1 ("This is an action for violation of the Fair Debt Collection Practices Act . . . .").

On January 12, 2010, the Court referred the case to United States Magistrate Judge William I. Garfinkel for a ruling on the *in forma pauperis* motion. *See* Order [doc. 4] dated January 12, 2010. On January 13, 2010, Magistrate Judge Garfinkel issued a Recommended Ruling [doc. # 6] denying the motion on the ground that it did not appear from the motion that paying the filing fee would cause Fabiola Is Ra El Bey substantial hardship. Magistrate Judge Garfinkel also recommended

denial on the ground that Fabiola Is Ra El Bey had filed an incomplete financial affidavit. Fabiola Is Ra El Bey paid the filing fee six days later – several days before this Court actually accepted Magistrate Judge Garfinkel's recommended ruling. *See* Order [doc. # 11] dated February 2, 2010.[4]

On January 22, 2010, Hunt Leibert filed its First Motion to Dismiss [doc. # 8]. In support of the First Motion to Dismiss, Hunt Leibert asserted that process and service of process had been insufficient; that the Complaint failed to state a claim for relief under the Truth in Lending Act ("TILA"); and that the Court lacked subject matter jurisdiction under the *Colorado River* abstention doctrine, *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976), due to the pending state-court foreclosure action. *See* Mem. of L. in Supp. of Mot. to Dismiss [doc. # 9] at 2-8. Rather than immediately responding to the First Motion to Dismiss, Fabiola Is Ra El Bey corrected her early procedural mistake on January 25, 2010 by properly serving Hunt Leibert. She then filed her First Motion to Amend [doc. # 16] on February 19, 2010. Because the *Federal Rules of Civil Procedure* permit a party to amend her complaint once as a matter of course within 21 days after service of a Rule 12(b) motion, *see* Fed. R. Civ. P. 15(a)(1), the Court granted the First Motion to Amend on February 24, 2010. *See* Order [doc. # 17] dated February 24, 2010.

Since February 24, 2010 this case has became procedurally complex. On February 25, 2010 – the day after this Court granted the First Motion to Amend – Fabiola Is Ra El Bey filed an Objection to Hunt Leibert's First Motion to Dismiss [doc. # 18]. In opposition to the First Motion to Dismiss, Fabiola Is Ra El Bey pointed out that she had already corrected the service of process

---

[4] The Clerk neglected to update the docket to reflect Fabiola Is Ra El Bey's timely – indeed, early – payment of the filing fee. On March 12, 2010 the Court issued a Notice [doc. # 24] erroneously instructing Fabiola Is Ra El Bey to pay her late filing fee, or else have her case dismissed. The Clerk then updated the docket to reflect that the fee had already been paid two months earlier. The Court regrets this error.

problem; clarified that she was alleging an FDCPA claim rather than a TILA claim; and argued that her FDCPA suit against Hunt Leibert was sufficiently distinct from the state-court foreclosure action such that this Court need not abstain from exercising jurisdiction. *See* Mem. of L. in Supp. of Objection to Mot. to Dismiss [doc. # 18] at 3-4, 8-9.

Fabiola Is Ra El Bey filed the First Amended Complaint [doc. # 21] on March 8, 2010. In the First Amended Complaint – which is currently the operative pleading – Fabiola Is Ra El Bey argues that this Court has subject matter jurisdiction based on both the presence of a federal-law question and on diversity of citizenship. She further asserts that this Court has jurisdiction "founded upon Public Ministry." She repeats her FDCPA claim from the original Complaint, and adds a claim under the civil remedies provision of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1964; a claim under 42 U.S.C. § 1983; and a claim under 42 U.S.C. § 1985.

Although Fabiola Is Ra El Bey filed the First Amended Complaint on March 8, 2010, the parties continued to brief Hunt Leibert's First Motion to Dismiss until March 23, 2010. The Court held an in-court status conference regarding the First Motion to Dismiss on May 27, 2010. After the conference, the Court issued an Order [doc. # 34] denying the First Motion to Dismiss. Based on Fabiola Is Ra El Bey's representations during the conference, the Court concluded that Fabiola Is Ra El Bey no longer intended to press her claims under 42 U.S.C. §§ 1983 and 1985. During the conference, the Court directed Fabiola Is Ra El Bey to file a RICO Case Statement as required by the United States District Court for the District of Connecticut's Standing Order in Civil RICO Cases no later than June 28, 2010. Fabiola Is Ra El Bey complied with the Court's Order by filing her RICO Case Statement [doc. # 41] on June 28, 2010. The Court also informed Hunt Leibert that it was free to file a motion to dismiss the RICO claim asserted in the First Amended Complaint.

Hunt Leibert filed its Second Motion to Dismiss [doc. #37] on June 10, 2010. Although Hunt Leibert's Second Motion to Dismiss is styled a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Hunt Leibert argues in support of the motion that this Court lacks federal question jurisdiction because the First Amended Complaint fails to state any federal-law claim for relief. *See* Mem. of L. in Supp. of Mot. to Dismiss [doc. # 37-1] at 2. Fabiola Is Ra El Bey has had numerous opportunities to respond to both arguments and has filed several voluminous memoranda addressing both arguments. *See, e.g.*, Objection to Def.'s Objection to Amend Compl. [doc. # 53]. The Court therefore construes the Second Motion to Dismiss as a consolidated motion asserting both lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6). Hunt Leibert also filed a Motion for a Protective Order [38] to stay discovery along with the Second Motion to Dismiss; the Court granted that motion on July 8, 2010. *See* Order [doc. # 44] dated July 8, 2010.

Fabiola Is Ra El Bey filed her Second Motion to Amend [doc. # 42] on July 6, 2010, and attached a proposed Second Amended Complaint [doc. # 42-1] to the motion. In the Second Amended Complaint, Fabiola Is Ra El Bey asserts that this Court has subject matter jurisdiction under the federal question jurisdiction statute, *see* 28 U.S.C. § 1331, and under the diversity jurisdiction statute. *See id.* § 1332. She also asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1337, which providing that federal district courts have jurisdiction over civil actions "arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." The Second Amended Complaint still asserts an FDCPA claim but does not explicitly assert any other federal-law claims. However, although the Second Amended Complaint does not specifically mention RICO, the Court infers from the fact that Fabiola Is Ra El

6

Bey filed the Second Amended Complaint only a week after filing her RICO Case Statement that she still intends to pursue a RICO claim. The Second Amended Complaint also asserts that this Court has supplemental jurisdiction over related state-law claims, *see* 18 U.S.C. § 1367, and adds a Connecticut Unfair Trade Practices Act claim. *See* Conn. Gen. Stat. §§ 42-110a to -110q.

On July 15, 2010, Hunt Leibert filed a Third Motion to Dismiss [doc. # 46], despite the fact the Court had not yet ruled on either Hunt Leibert's Second Motion to Dismiss or Fabiola Is Ra El Bey's Second Motion to Amend. On July 19, 2010, the Court denied the Third Motion to Dismiss without waiting for a response from Fabiola Is Ra El Bey. The Court instructed Hunt Leibert that it should file a motion to supplement its briefing on the Second Motion to Dismiss if it wished to make any new legal arguments. *See* Order [doc. # 48] dated July 19, 2010. The Court also instructed Hunt Leibert to direct any future briefing toward Fabiola Is Ra El Bey's Second Amended Complaint rather than toward the First Amended Complaint. *See id.* On July 26, 2010, Hunt Leibert responded by filing an Objection to the Motion to Amend [doc. # 50]. Fabiola Is Ra El Bey filed a Reply to the Objection [doc. # 53] on August 11, 2010.

There are two other motions currently pending in this case. On July 20, 2010, Fabiola Is Ra El Bey filed a Motion for Relief from Protective Order [doc. # 49] asking the Court to vacate its Order [doc. # 44] staying discovery in this case. On August 23, 2010, Fabiola Is Ra El Bey filed a Motion for Recusal [doc. # 54] arguing that the Court should recuse itself in this case because of its perceived personal and religious bias against Fabiola Is Ra El Bey. *See* 28 U.S.C. § 455(b)(1).

## II.

Before the Court sets forth the legal standards that govern its decisions on the pending motions, the Court first resolves a preliminary procedural dispute. In opposition to Hunt Leibert's

Second Motion to Dismiss, Fabiola Is Ra El Bey argues that the fact that Hunt Leibert filed a prior motion dismiss precludes the Court from considering any further motions to dismiss in this case. *See* Fed. R. Civ. P. 12(g)( 2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."); Objection to Def.'s Objection to Amend Compl. [doc. # 53] at 3. Her argument has merit: Rule 12(g) contemplates a single pre-answer motion and generally precludes subsequent pre-answer motions to dismiss. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1385, at 481 (3d ed. 2004).

However, the general rule against subsequent motions to dismiss has a number of exceptions. By its express terms, Rule 12(g)(2) precludes a subsequent motion to dismiss only to the extent that it raises defenses or objections that were "available" to the defendant at the time of a prior motion to dismiss. Therefore, the Court concludes that the Second Motion to Dismiss is proper to the extent that it argues that the First Amended Complaint fails to state a RICO claim. That argument was not "available" when Hunt Leibert filed its First Motion to Dismiss; there was simply no RICO claim in the case at that time. Rule 12(g)(2) also explicitly incorporates as an exception Rule 12(h)(3), which permits the Court to consider the defense of lack of subject matter jurisdiction at any time. Therefore, the Court concludes that the Second Motion to Dismiss is proper to the extent that it asserts the defense of lack of subject matter jurisdiction.

Although the Court will entertain those two specific arguments in Hunt Leibert's Second Motion to Dismiss, the Court agrees with Fabiola Is Ra El Bey that Hunt Leibert is now barred from arguing in a Rule 12(b) motion that Fabiola Is Ra El Bey has failed to state a claim for relief under the FDCPA. Fabiola Is Ra El Bey's original Complaint plainly stated a claim for relief under the

FDCPA. *See* Compl. [2] at 1 ("This is an action for violation of the Fair Debt Collection Practices Act . . . ."). Furthermore, the factual allegations supporting the FDCPA claim are essentially the same in the original Complaint, the First Amended Complaint, and the Second Amended Complaint. Thus, the argument that Fabiola Is Ra El Bey failed to state a claim for relief under the FDCPA was plainly "available" to Hunt Leibert at the time of the First Motion to Dismiss, but Hunt Leibert chose not to raise that argument. The Court therefore agrees with Fabiola Is Ra El Bey that Hunt Leibert waived its right to argue in a Rule 12(b) motion that her FDCPA count fails to state a proper claim.

Although the Court must ignore Hunt Leibert's arguments that the FDCPA claim fails as a matter of law for the time being, the Court by no means suggests that Hunt Leibert has waived that argument for all time. Hunt Leibert remains free to raise the same argument in a Rule 12(c) motion for judgment on the pleadings after it has filed an Answer. *See* Fed. R. Civ. P. 12(h)(2)(B) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c) . . . ."); *see, e.g.*, *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010) ("The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleading."). Hunt Leibert also remains free to file a Rule 56(b) motion for summary judgment after the close of discovery arguing that Fabiola Is Ra El Bey's FDCPA claim fails as a matter of law.

### III.

Having resolved the preliminary procedural dispute, the Court now sets forth the legal standards that govern its decisions on the pending motions. The standard for ruling on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is a familiar one. "A case is properly dismissed for lack of subject matter jurisdiction . . . when the court lacks the statutory

or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff asserting subject matter jurisdiction bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *See id.* The Court may refer to evidence outside the pleadings to assist in its determination. *See id.*

The standard for ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is also familiar. *See, e.g.*, *Austen v. Catterton Partners V, LP*, --- F. Supp. 2d ----, ----, No. 3:09cv1257 (MRK), 2010 WL 625389, at *1 (D. Conn. Feb. 17, 2010). The Court must construe *pro se* complaints liberally when determining whether they state any claims upon which relief could be granted. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, to survive a motion to dismiss for failure to state a claim, even a *pro se* complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under *Iqbal* and *Twombly*, "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' is inapplicable to legal conclusions' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 129 S. Ct. at 1949). Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss, and 'determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

A party may respond to a motion to dismiss by seeking the Court's leave to amend her complaint pursuant to Rule 15. Rule 15(a) provides that motions for leave to amend a complaint

should be "freely" granted "when justice so requires." *Id*. Although leave to amend should be liberally granted to *pro se* litigants, *see Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003), this Court retains the discretion to deny a motion for leave to amend for good reason. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). The Court may deny leave to amend for "futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* at 200-01; *see, e.g.*, *McLaughlin v. CitiMortgage, Inc.*, No. , 2010 WL 3037810, at *2 (D. Conn. Aug. 4, 2010).

The standard for mandatory judicial recusal for bias is quite high. The Court is required to disqualify itself under 28 U.S.C. § 455(a) "in any proceeding in which [its] impartiality might reasonably be questioned." Section 455(b)(1) specifies that the Court must disqualify itself if the Court "has a personal bias or prejudice concerning a party . . . ." However, as the Supreme Court observed in *Liteky v. United States*, 510 U.S. 540 (1994):

> Not *all* unfavorable disposition toward an individual (or his case) is properly described by those terms. One would not say, for example, that world opinion is biased or prejudiced against Adolph Hitler. The words connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . ., or because it is excessive in degree . . . . Also not subject to deprecatory characterization as "bias" or "prejudice" are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.

*Id.* at 550-51. Prior judicial rulings by the Court for or against a particular party "almost never constitute a valid basis for a bias or impartiality motion." *Id.* at 555; *see, e.g.*, *Muka v. Murphy*, 358 Fed. App'x 239, 240 n.1 (2d Cir. 2009).

**IV.**

The Court agrees with Fabiola Is Ra El Bey that it has subject matter jurisdiction over this action based on the presence of a federal-law claim. In her First Amended Complaint, Fabiola Is

11

Ra El Bey asserts that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives federal courts jurisdiction over cases "arising under" federal law. *Id.* "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, --- U.S. ----, ----, 129 S. Ct. 1262, 1272 (2009). Fabiola Is Ra El Bey's First Amended Complaint seeks relief pursuant to the FDCPA, RICO, and 42 U.S.C. §§ 1983 and 1985 – all federal statutes. Yet Hunt Leibert insists that even though Fabiola Is Ra El Bey asserts federal law claims, this court lacks subject matter jurisdiction because Fabiola Is Ra El Bey's claims are "frivolous." Mem. in Supp. of Mot. to Dismiss [doc. # 37-1] at 2.

Hunt Leibert's argument puts the cart before the horse. In determining whether it has subject matter jurisdiction pursuant to § 1331, the Court does not first screen a plaintiff's federal claims to determine whether or not they have merit. Although Fabiola Is Ra El Bey may not prevail on her federal-law claims on the merits, the Court surely has subject matter jurisdiction to consider whether she is entitled to any relief on those claims. It is of course true that when a plaintiff proceeds *in forma pauperis*, this Court has a statutory obligation to dismiss the action *sua sponte* if it is frivolous or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *see, e.g.*, *Burke v. Patchen*, No. 08cv639 (MRK), 2008 WL 2783490 (D. Conn. July 15, 2008). But whether the Court must dismiss an *in forma pauperis* action pursuant to § 1915(e)(2)(B) is separate question from whether the court has *subject matter jurisdiction* pursuant to § 1331. Even assuming that those were not two separate questions, Hunt Leibert overlooks the fact that Fabiola Is Ra El Bey is not proceeding *in forma pauperis*. *See* Order [doc. # 11] dated February 2, 2010. The Court therefore has no statutory authority to dismiss this action *sue sponte* even it if it is frivolous.

Although the Court has federal question jurisdiction over this case, Fabiola Is Ra El Bey's other assertions regarding subject matter jurisdiction have no merit. First, the Court does not have subject matter jurisdiction based on diversity of citizenship. Hunt Leibert is a citizen of Connecticut, and although Fabiola Is Ra El Bey insists that she is "an aboriginal/indigenous Moorish American domiciled without the United States," all of the documents in this case clearly indicate that Fabiola Is Ra El Bey resides in Easton, Connecticut. *See, e.g.*, Pet. for Relief from Protective Order [doc. # 49] at 8. That Fabiola Is Ra El Bey chooses to call Easton by a different name and self-identifies as "aboriginal" and "indigenous" are irrelevant to the determination of her citizenship for diversity jurisdiction purposes. *See Bank of Am. Nat. Ass'n v. Derisme*, No. 3:10cv900, 2010 WL 3211066, at *10-11 (D. Conn. Aug. 13, 2010). Second, even assuming that Fabiola Is Ra El Bey is a "public minister" based on her membership in the Moorish Science Temple, that does not provide a basis for subject matter jurisdiction. Although the Constitution provides that the judicial power of the United States extends to cases involving public ministers, such cases fall within the original jurisdiction of the Supreme Court. U.S. Cons. art. III, cl. 1-2; 28 U.S.C. § 1251. Though the Supreme Court's original jurisdiction over such cases is not exclusive, Congress has not granted district courts subject matter jurisdiction over such cases.

## V.

The Court does not consider Hunt Leibert's argument that the First Amended Complaint fails to state a claim for relief under the FDCPA, but the Court does agree with Hunt Leibert that the First Amended Complaint fails to state a valid RICO claim. "RICO creates a private right of action for '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter.'" *Frey v. Maloney*, 476 F. Supp. 2d 141, 159 (D. Conn. 2007) (quoting 18 U.S.C. §

13

1964(c)); *see also* 18 U.S.C. § 1962 (listing acts prohibited by RICO). To state a claim under 18 U.S.C. § 1964(c), "a plaintiff must plead (1) the defendant's violation of [18 U.S.C.] § 1962, (2) an injury to the plaintiff's business or property, and (3) causation of the injury by the defendant's violation." *Frey*, 476 F. Supp. 2d at 159 (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006)) (alteration in original). Moreover, "all allegations of fraudulent predicate acts [under RICO] are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)." *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004).

The First Amended Complaint fails to state a RICO cause of action for two reasons. First, as this Court recently summarized in *McLaughlin v. CitiMortgage, Inc.*, --- F. Supp. 2d ----, ----, No. 09cv1762 (MRK), 2010 WL 2377108 (D. Conn. June 11, 2010):

> Under RICO, an "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "[A] solitary entity cannot, as matter of law, simultaneously constitute both the RICO 'person' whose conduct is prohibited and the entire RICO 'enterprise.'" *Cadle, Co. v. Flanagan*, 271 F. Supp. 2d 379, 387 (D. Conn. 2003) (quoting *Cullen v. Margiotta*, 811 F.2d 698, 729–30 (2d Cir. 1987)). "The Supreme Court has held that the 'person' liable under Section 1962(c), *i.e.* the Civil RICO defendant, must be an individual that is a distinct entity from the RICO 'enterprise.'" *Daigneault v. Eaton Corp.*, No. 3:06CV1690, 2008 WL 2604929, at *2 (D. Conn. June 16, 2008) (citing *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001)).

*Id.* at 13. With respect to Hunt Leibert, Fabiola Is Ra El Bey's Civil RICO Case Statement [doc. # 41] seems to allege that Hunt Leibert was the RICO entity rather than a separate individual. The RICO claim against Hunt Leibert therefore fails as a matter of law.

The John Doe defendants – who appear to be the employees and agents of Hunt Leibert – could, on the other hand, be liable for engaging in an unlawful RICO pattern of activity on behalf

of Hunt Liebert. *See Cedric Kushner Promotions,* 533 U.S. at 163-64. However, as this Court also summarized in *McLaughlin*:

> RICO's substantive provisions make it "unlawful for any person employed by or associated with" an enterprise engaged in or affecting interstate or foreign commerce "to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). . . . RICO *does* make it unlawful for "any person employed by or associated with any enterprise engaged in . . . interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through . . . *collection of unlawful debt*." 18 U.S.C. § 1962(c) (emphasis added). However, in the RICO context, the term "unlawful debt" has a particular meaning: it must be the result of illegal gambling and/or usurious lending, *see id.* § 1962(6), with "usurious lending" defined as lending at "at least twice the enforceable rate," id.

*Id.* Fabiola Is Ra El Bey's Civil RICO Case Statement alleges a host of activities that do not fall within RICO's substantive provisions. The only specific RICO violation alleged here is that Hunt Leibert engaged in transactions in property derived from unlawful debt in violation of § 1962. Because Fabiola Is Ra El Bey nowhere alleges that Hunt Leibert has collected on illegal gambling debts or engaged in usurious lending, her RICO claims against both Hunt Leibert and the individual John Doe defendants must fail as a matter of law.

## VI.

Having considered all of the arguments in Hunt Leibert's Second Motion to Dismiss that were not available at the time of the First Motion to Dismiss, and keeping in mind that leave to amend should be freely granted to *pro se* litigants, *see Davis*, 320 F.3d at 352, the Court will allow Fabiola Is Ra El Bey's Second Amended Complaint. The Court notes that the only federal-law claim remaining in the Second Amended Complaint is an FDCPA Claim. The Second Amended Complaint does *not* specifically assert a civil RICO claim. But even assuming it is Fabiola Is Ra El Bey's intention to continue to press her RICO claim, the Court has determined that Fabiola Is Ra

El Bey's RICO claim fails as a matter of law. The Court would not permit Fabiola Is Ra El Bey to amend her RICO allegations because the Court concludes that any such amendments would be futile. *See, e.g.*, *McLaughlin*, 2010 WL 3037810, at *1.

The Court further notes that the key difference between the First Amended Complaint and the Second Amended Complaint is that the later adds a state-law CUTPA claim. Fabiola Is Ra El Bey is free to pursue the CUTPA claim as well as her FDCPA claim for the time being. However, under 28 U.S.C. § 1367(c), this Court may decline to exercise supplement jurisdiction over any remaining state-law claims if it dismisses all claims over which it has original jurisdiction. As this Court has previously stated, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under [supplemental] jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Hernandez v. Carbone*, 567 F. Supp. 2d 320, 333-34 (D. Conn. 2008) (quoting *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). Should the Court eventually dispose of Fabiola Is Ra El Bey's remaining FDCPA claim before trial, the Court would decline to exercise supplemental jurisdiction over her state-law CUTPA claim. At that point, Fabiola Is Ra El Bey would be free to pursue her CUTPA claim in state court should she wish to do so.

**VII.**

Finally, Fabiola Is Ra El Bey's Motion for Recusal [doc. # 54] lacks merit. The only basis for that motion is Fabiola Is Ra El Bey's disagreement with the Courts rulings in two prior cases in which she was the defendant. Her disagreement with the Court's rulings is not a sufficient basis for recusal. *See Liteky*, 510 U.S. at 555. Furthermore, the Court does not believe that it has expressed

any "impatience, dissatisfaction, annoyance, [or] anger" toward Fabiola Is Ra El Bey in this particular case or in any of the other cases in which she is a party. *Francolino v. Kuhlman*, 365 F.3d 137, 143-44 (2d Cir. 2004) (quoting *Liteky*, 510 U.S. at 555-56). Even assuming that the Court had engaged its such expression, such expression would not establish bias so long as the expression was "within the bounds of what imperfect men and women . . . sometimes display." *Id.* (quoting *Liteky*, 510 U.S. at 555-56). The Court is admittedly imperfect, but it is also confident that it has acted with patience and within reasonable bounds in all matters involving Fabiola Is Ra El Bey.

## VIII.

In sum, the Court concludes that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331; that Fabiola Is Ra El Bey has failed to state a claim for relief under RICO; that Hunt is barred from arguing in a subsequent 12(b) motion that Fabiola Is Ra El Bey has failed to state a claim for relief under the FDCPA; and that the Court has no disqualifying "bias or prejudice" toward Fabiola Is Ra El Bey within the meaning of 28 U.S.C. § 455(b)(1). Therefore, Hunt Leibert's Second Motion to Dismiss [doc. # 37] is GRANTED IN PART and DENIED IN PART; Fabiola Is Ra El Bey's Second Motion to Amend [doc. # 42] is GRANTED; and Fabiola Is Ra El Bey's Motion for Recusal [doc. # 54] is DENIED. Because the Court has determined that it has subject matter jurisdiction over this action, the Court's Order [doc. # 44] staying discovery is VACATED and Fabiola Is Ra El Bey's Petition for Relief from Protective Order [doc. # 49] is DENIED as moot.

Hunt Leibert should file an Answer to Fabiola Is Ra El Bey's Second Amended Complaint no later than September 15, 2010. For the time being, the parties should then proceed with discovery in accordance with the current Case Management Order [doc. # 36]. The Court notes that

Hunt Leibert may choose to renew its argument that the Second Amended Complaint fails to state a claim for relief under the FDCPA in the context of a Rule 12(c) motion for judgment on the pleadings after an Answer is filed, *see* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c) . . . ."), or may also raise the same argument in support of a Rule 56(b) motion for summary judgment after the close of discovery.

The Court further notes that Hunt Leibert is free to file a motion to dismiss Fabiola Is Ra El Bey's newly-added CUTPA claim. That argument that was not available to Hunt Leibert when it filed any of the prior Motions to Dismiss. However, Hunt Leibert could also address the CUTPA claim along with the FDCPA claim either in a Rule 12(c) motion for judgment on the pleadings after an Answer is filed, or a Rule 56(b) motion for summary judgment after the close of discovery.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **August 25, 2010**.