UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FABIOLA DERISME, : | |
|     PLAINTIFF, : | |
| : | CIVIL ACTION NO. 3:10cv23 (VLB) |
| v. : | NOVEMBER 14, 2011 |
| : | |
| HUNT LEIBERT JACOBSON, P.C. : | |
|     DEFENDANT : | |

### Ruling on Docket Numbers 164, 167, 168, 169, 182, 183, 184

*A. Order Granting Plaintiff's Motion to produce referral package [Dkt. # 164].*

The Defendant has asserted that the referral package is protected by the attorney-client privilege. "The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." U.S. v. Mejia, 655 F.3d 126, 132 (2d Cir. 2011). "The party asserting the privilege … bears the burden of establishing its essential elements." *Id.* The sole basis for Defendant's assertion of attorney-client privilege is that the referral package was sent by their client. The Court notes that the referral package includes, for example the Mortgage Deed, which is clearly not privileged and a matter of public record. The Court finds that the Defendant has therefore failed to establish a basis for the Court to sustain its objection on the basis of attorney-client privilege. The Plaintiff's motion to produce the referral package is granted.

**B. Order Granting Defendant's Motion to preclude expert testimony [Dkt. # 167]**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Plaintiff was obligated to disclose the "the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information" which would include the identity of any experts.  Moreover, the original discovery deadline in this case was November 1, 2010.  As one of numerous accommodations to Plaintiff's pro se status, this Court extended the discovery deadline including the expert discovery deadline for another ten months until September 15, 2011.  Defendant has represented that Plaintiff has failed to disclose the identity of any experts.  Plaintiff has not refuted Defendant's assertion.  Since Summary Judgment briefing has been filed, it would be highly prejudicial and a waste of judicial resources to reopen discovery at this late juncture.  Fed. R. Civ. P. 37(c)(1); *see also LaMarca v. U.S.*, 31 F. Supp.2d 110, 122-133 (E.D.N.Y. 1998).

**C. Order Granting Defendant's Motion in Limine as to evidence of damages [Dkt. # 168]**

Defendant's motion in limine is granted as Plaintiff has not sought monetary relief in her Verified Amended Complaint.  *See* Verified Amended Complaint [Dkt.# 42, Attach 1].

**D. Order Denying Defendant's Motion in Limine to preclude fact witness testimony [Dkt. # 169]**

**Defendant's motion in limine is denied to the extent that Plaintiff offers such testimony as rebuttal for purposes of impeachment.**

**E. Order Granting in part and Denying in part Plaintiff's motions for extension of time [Dkt. ## 182, 183]**

**Plaintiff's motion for extension of time until December 2, 2011 to oppose Defendant's Motion for Summary Judgment is granted. Plaintiff's motion for extension of time to oppose Defendant's motion in limine to preclude fact witness, motion in limine to preclude expert witness and motion in limine to preclude evidence of damages is denied as Plaintiff has not shown that "the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension" as required by Local Rule 7 (b).**

**F. Order Denying request for telephonic conference [Dkt.#184]**

**The Parties have not complied with the Chamber's practice on "Notice to Parties re: Discovery Disputes" which requires the Parties submit a concise statement of the applicable legal argument and legal authority. To the extent that Plaintiff seeks to amend her complaint, she must file a motion to amend the complaint pursuant to Fed. R. Civ. P. 15 articulating why Plaintiff should be permitted to amend the complaint at this late stage in the litigation under relevant Second Circuit caselaw.**

**IT IS SO ORDERED.**

**_____/s/_____**

                                                  **Hon. Vanessa L. Bryant**

                                                  **United States District Judge**

**Dated at Hartford, Connecticut: November 14, 2011**