UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FABIOLA DERISME, :
    PLAINTIFF, :
  : CIVIL ACTION NO. 3:10cv23 (VLB)
  :
v. : MARCH 21, 2013
  :
HUNT LEIBERT JACOBSON, P.C. :
    DEFENDANT :

## ORDER DENYING PLAINTIFF'S [DKT. #236] PETITION TO ALTER OR AMEND ORDER ON MOTION FOR SUMMARY JUDGMNET

The Plaintiff, Fabiola Is Ra El Bey, has moved to alter or amend the Court's [Dkt. #232] order on summary judgment pursuant to Federal Rule of Civil Procedure 59(e).  The standard for a motion to amend a judgment is the same as the standard for a motion for reconsideration.  Therefore, "[a] court may grant a motion to alter or amend a judgment where (1) there is an intervening change in the controlling law; (2) new evidence previously not available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Peterson v. Syracuse Police Dept.*, 467 F. App'x 31, 34 (2d Cir. 2012). Furthermore, "[r]econsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Montanile v. Nat'l Broad. Co.,* 216 F.Supp.2d 341, 342 (S.D.N.Y.2002) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000)).   For the reasons set forth below, there is no intervening change in the controlling law, new evidence previously not available, clear error

of law or manifest injustice warranting modification of the Court's order and therefore the motion to amend is DENIED.

First, the Plaintiff has moved to alter or amend the Court's order on summary judgment on the basis that it is being used as precedent in the pending state foreclosure action between the Plaintiff and Hunt Leibert's client Bank of America. It appears that the Plaintiff further requests that this Court dismiss her claims regarding the foreclosure matter. The Court entered summary judgment on the Plaintiff's Federal Debt Collection Practices Act ("FDCPA") claims and her ancillary Connecticut Unfair Trade Practices Act ("CUTPA") claim. This Court has no jurisdiction over and its decision does not effect the Plaintiff's Superior Court foreclosure action. The fact that this Court's reasoning and ruling on claims before it may be used as precedent in a related action does not constitute an intervening change in the controlling law, new evidence previously not available, clear error of law or manifest injustice warranting modification of the Court's order.

Second, the Plaintiff argues that the Court erroneously determined that Hunt Leibert did not violate Section 1692g of the FDCPA based on their January 6, 2010 letter because it did not initiate the communication with the Plaintiff but merely responded to the Plaintiff. *See* [Dkt. #232, Order on Summary Judgment, p.36-39]. First, the Court held that Plaintiff's claims under Sections 1692g and 1692e of the FDCPA were not cognizable because Hunt Leibert, as an enforcer of a security interest, fell outside the scope of the FDCPA except for the provisions of 1692f(6). *See* [Dkt. #232, Order on Summary Judgment, p.17-30]. Therefore the

question of whether the Defendant was responding to her prior communication is not dispositive of whether the court properly granted summary judgment on Plaintiff's Section 1692g claim.  In an effort to be complete, the Court also ruled in the alternative that if Section 1692g did apply to Hunt Leibert there would be no violation as Hunt Liebert's January 6, 2010 letter was responding to the Plaintiff's communication which was her November 2009 "cease and desist" letter. [Dkt. #174, Ex. Q.].

Third, the Plaintiff argues that her Section 1692e(8) claim based on Hunt Leibert's failure to communicate that the alleged debt was disputed was not addressed by the Court.  However, the Court did address all of the Plaintiff's Section 1692e claims when it held that Section 1692e and 1692g were not applicable to Hunt Leibert since it was enforcing a security interest.  *See* [Dkt. #232, Order on Summary Judgment, p.17-30].

Lastly, the Plaintiff misconstrues the Court's holding with respect to Sections 1692g and 1692e's applicability to enforcers of security interests as one based on Article III standing.  Contrary to the Plaintiffs' contention, the Court did not find that she lacked standing to pursue her Sections 1692g and 1692e claims.  Instead, the Court held that Sections 1692g and 1692e did not apply to Hunt Leibert because Hunt Leibert was enforcing a security interest and not collecting a debt.  *See* [Dkt. #232, Order on Summary Judgment, p.17-30].

Furthermore, this Court held that the facts of this case in which an FDCPA claim was based on the filing of a state foreclosure action could not serve as a basis for an FDCPA action in view of the legislative purposes underlying the

FDCPA.  *See* [Dkt. #232, Order on Summary Judgment, p.30-36].  The Court concluded that the filing of a state foreclosure action did not constitute the type of abusive debt collection practices proscribed by the FDCPA.  *Id.*  This conclusion was recently reaffirmed by the Second Circuit in which it held that "[a]s we have recognized in past decisions, the protective purposes of the FDCPA typically are not implicated when 'when a debtor is instead protected by the court system and its officers.'"  *Gabriele v. Am. Home Mortg. Servicing, Inc.*, No.12-985-cv, 2012 WL 5908601, at *7 n.1 (2d Cir. 2012) (quoting *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010)).

    For the foregoing reasons, there is no intervening change in the controlling law, new evidence previously not available, clear error of law or manifest injustice warranting modification of the Court's order and therefore the Court DENIES the Plaintiff's motion to amend or modify its summary judgment decision. The Plaintiff is free to file an appeal.

                                                      IT IS SO ORDERED.

                                                      _____/s/_____

                                                      Hon. Vanessa L. Bryant

                                                      United States District Judge

Dated at Hartford, Connecticut: March 21, 2013